IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DEWAYNE MARKS SHELTON, PRO SE, §
also known as DEWAYNE SHELTON, §
TDCJ-CID No. 1254161, §
Previous TDCJ-CID No. 501982, §
Previous TDCJ-CID No. 597443, §
Previous TDCJ-CID No. 654289, §
 §
    Plaintiff, §
 §
v. § 2:15-CV-0157
 §
J. ANDERSON, CO IV, ET AL., §
 §
    Defendants. §

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DEWAYNE MARKS SHELTON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed according to Title 28, United States Code, section 1915.

Plaintiff alleges that, on May 4, 2013, after an Officer Clark allowed plaintiff to search for his prisoner ID card in the dirty clothes collected from the dayroom, plaintiff informed Officer Clark he had been unable to locate his ID card. Plaintiff says Officer Clark offered him a sack meal, called a Johnny sack, but plaintiff says he refused it and went to the pill window where he obtained some medication by showing the nurse[1] his Library lay-in pass. Plaintiff

---

[1] Under normal TDCJ-CID procedure, an inmate must show his ID card before receiving any medicine and before eating at the Chow Hall.

states he then left the building to go to chow. Plaintiff alleges on the way to chow he approached defendants Captain RAINS and Sergeant PICKARD to ask that one of them give approval to "whoever on dining hall computor [sic] to punch in [plaintiff's prison ID number]" so plaintiff could eat without showing his ID. Plaintiff says he knows they could do this because it was done on another unit where plaintiff had previously been housed. Plaintiff states defendant Sgt. PICKARD immediately began asking plaintiff where he was from and where he was going. Plaintiff says he explained he couldn't find his ID card, had used his law library lay-in card to obtain his medicine, and was going to chow. Plaintiff states he was escorted back to Seven Building by defendant Captain RAINES, who confronted defendant CO IV ANDERSON, the officer who had been working the front desk at that building, and asked why plaintiff had been allowed to leave the building.

Plaintiff alleges defendant CO IV ANDERSON lied, saying plaintiff had snuck out of the building and that he (ANDERSON) had offered plaintiff a Johnny sack. Plaintiff said the only person he had talked to was Officer Clark, and ANDERSON then stated he was going to write plaintiff a disciplinary case for being out of place. Plaintiff alleges defendant Captain RAINS then went to the pill window to confront the nurse about giving plaintiff his medication without first seeing his prison ID card. Plaintiff was ordered to return to his pod and was provided with a sack meal for breakfast, a Johnny sack. Plaintiff claims this constituted a deprivation of nutritious food in violation of the Eighth Amendment.

On May 6, 2013, plaintiff received notice that CO IV ANDERSON had written a disciplinary case against him for being out of place. Plaintiff says he informed his counsel-substitute, defendant EVANS, that he wanted defendants RAINS, PICKARD, and an inmate who

2

had been in front of plaintiff at the pill window and says EVANS tried to dissuade him from attempting to call them. Plaintiff also argued there was no TDCJ rule that prohibited plaintiff from leaving his assigned housing area to eat a meal or for any other reason after he had reported the loss of his prison ID card to security staff. By that time, plaintiff had found his prison ID card.

Plaintiff received a disciplinary hearing on May 8, 2013, conducted by defendant Disciplinary Hearing Officer Captain DEAN. Plaintiff says defendant EVANS was also present, as his counsel substitute. Plaintiff alleges defendant EVANS did not have his requested witnesses at the hearing, so he complained to defendant DEAN. Plaintiff says defendant EVANS said that nothing the witnesses had to say was relevant, and defendant DEAN said plaintiff could not have the witnesses and also refused plaintiff's request to question the charging officer. Plaintiff was allowed to make a statement in his own defense giving his side of the incident and plaintiff showed Disciplinary Hearing Officer DEAN his [plaintiff's] ID card to prove it had only been temporarily missing, not permanently lost.

Defendant Captain DEAN found plaintiff guilty of the disciplinary charge of being out of place and plaintiff was dropped from trusty class 4 to line 1 and received 45 days commissary and recreation restriction, as well as a two month suspension of contact visitation. Plaintiff says his classification reduction had unfavorable collateral effects on his ability to earn goodtime credits and on his parole consideration.

Plaintiff further complains that defendant Senior Warden MARTIN signed the resolution of plaintiff's Step 1 grievance affirming the disciplinary determination and defendant E. BALL signed the resolution of plaintiff's Step 2 grievance denying plaintiff's appeal of his disciplinary

case.

Plaintiff requests punitive damages in the amount of $25,000.00 for each separate violation of his constitutional rights and that the disciplinary case be overturned, dismissed, and expunged from his record.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The United States District Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff claims defendants Sgt. PICKARD and Captain RAINS denied him a nutritionally adequate breakfast. In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). *See, also, Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977)(state must furnish its prisoners with reasonably adequate food). There is no static test to determine whether conditions of confinement are cruel and unusual, and punishment rises to the level of an Eighth Amendment violation only if it involves an " 'unnecessary and wanton infliction of pain.' " *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The deprivation of food transgresses this standard when it amounts to a deprivation of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).

In connection with his breakfast, plaintiff has not alleged a deprivation of food that amounts to a deprivation of the "minimal civilized measure of life's necessities." Plaintiff was given a sack meal on a single occasion instead of the hot meal he wanted to get from the chow hall. This substitution did not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. *Accord, Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th

Cir. 1998).

Plaintiff claims defendant CO IV ANDERSON filed a falsified disciplinary case against him and defendant Captain RAINS allowed defendant ANDERSON to do so. Plaintiff has not alleged facts showing the disciplinary case he received for being out of place was falsified. In fact, his allegations show he did not receive permission to leave his pod from anyone, not even officer Clark, much less from CO IV ANDERSON, the guard at the front desk who did not speak to plaintiff. Moreover, there is no freestanding section 1983 claim for malicious prosecution in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.*

Plaintiff also claims defendant Captain RAINS "allowed officer J. Anderson to falsify disciplinary case against [plaintiff]," but the facts alleged by plaintiff show the case was not false. Further, the Court notes "Section O. ID Cards" of the inmate orientation handbook states that "Offenders are required to carry their ID card at all times . . . . Offenders will give or show their ID cards when asked by a correctional officer or staff." TDCJ Offender Orientation Handbook at page 67, April 2016.

Plaintiff's claims against defendants Sgt. PICKARD, Captain RAINS and CO IV ANDERSON lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim against defendant EVANS, his Counsel Substitute, a counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983.

6

*Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant EVANS lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also complains that defendant Captain DEAN, the Disciplinary Hearing Officer, denied his request for witnesses without adequate explanation, relied on inadequate evidence, failed to give adequate reasons for the disciplinary determination and failed to disclose on the disciplinary hearing report the evidence on which he relied. These are all claims that defendant DEAN violated plaintiff's Due Process rights in connection with the disciplinary hearing. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995). These will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)).

Plaintiff lost no goodtime credits in connection with this disciplinary hearing and has no federally protected due process rights in connection with it. A possible adverse effect on parole

considerations for plaintiff's state conviction is too speculative to create a liberty interest. *See Sandin,* 515 U.S. at 487. Additionally, due process protections are not invoked by a thirty-day loss of commissary privileges, *Malchi,* 211 F.3d at 958; *Madison,* 104 F.3d at 768, or a temporary or short-term loss of telephone privileges, *see Boriboune v. Litscher,* 91 Fed. App'x 498, 500 (7th Cir.2003); *Aybar v. Gunja,* No. 4:08-CV-0286, 2008 WL 2323774, at *3 (N.D.Ohio June 4, 2008); *Mays v. Reese,* No. 5:04-CV-220-DCB, 2006 WL 3877391, at *2 (S.D.Miss. July 18, 2006) (recommendation of Mag. J.), *adopted by* unpub. order (S.D.Miss. Jan. 5, 2007).

Plaintiff's claim against defendant DEAN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendants MARTIN and BALL failed to thoroughly investigate and satisfactorily resolve plaintiff's step 1 and step 2 grievances on the incident. The narrowing of prisoner due process protection announced in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections,* 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn,* 843 F.2d 864, 867 (5th Cir.), *cert. denied,* 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan,* 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants MARTIN and BALL lack an arguable basis in law and are frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A(b) and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DEWAYNE MARKS SHELTON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of August, 2016.

_____
MARY LOU ROBINSON
United States District Judge